UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| IN RE: Jerome J. Nypaver<br>　　　　　　　　　　**Debtor(s)**<br><br>Cilici, LLC, its successors and/or assigns<br>　　　　　　　　　　**Movant**<br>　　　　vs.<br><br>Jerome J. Nypaver<br>　　　　　　　　　　**Respondent(s)** | BK NO. 21-22494 GLT<br><br>**Chapter 13**<br><br>Related to Document No. 16<br><br>Hearing Date: 5/26/2022 |

### OBJECTION OF Cilici, LLC , ITS SUCCESSORS AND/OR ASSIGNS TO CONFIRMATION OF CHAPTER 13 PLAN

　　　　Cilici, LLC, objects to confirmation of Debtor's Chapter 13 Plan and asserts in support of its Objection as follows:

　　　　1.　　　　Movant's claim is secured by a mortgage on Debtor's property at 64 Oakland Avenue Uniontown, PA 15401.

　　　　2.　　　　Movant intends to file a secured proof of claim, with respect to the Property, before the deadline for filing claims. The pre-petition arrears are approximately $85,327.46 and the amount of the secured claim is approximately $172,844.62. These amounts will be corrected and finalized with the breakdown of the pre-petition arrearage provided under the secured proof of claim.

　　　　3.　　　　Debtor filed a petition for relief under Chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on November 18, 2021. See Docket No. 1.

　　　　4.　　　　On October 26, 1999, Debtor, and co-borrower Elizabeth Rose Nypaver, borrowed the sum of $72,444.64 from Associates Home Equity Consumer Discount Company, Inc., (the "Original Lender") pursuant to a Note (the "Note"). A copy of the Note is attached as Exhibit A.

　　　　5.　　　　On October 26, 1999, Debtor executed a Mortgage granting the Original Lender a security interest in real property located at 64 Oakland Avenue, Uniontown, PA 60628 (the "Property"). The Mortgage was recorded on November 1, 1999, in Fayette County. A copy of the Mortgage is attached as Exhibit B.

　　　　6.　　　　On October 11, 2018, the Mortgage was assigned to Cilici, LLC, pursuant to an Assignment of Mortgage. Copies of the assignment chain is attached as Exhibit C.

　　　　7.　　　　On September 12, 2001 and April 23, 2004 the loan was modified. A copy of the Loan Modifications are attached hereto as Exhibit D.

　　　　8.　　　　On December 13, 2021, Debtor filed the Chapter 13 Plan (the "Plan"). See Docket No. 16. The Plan proposes the amount of arrears to be addressed through mortgage modification, but to date the debtor has not applied for a modification of the loan. Id.

9. Movant objects to confirmation of the Plan on the grounds that the Plan does not provide for repayment of any pre-petition arrears to cure the default on the claim, nor has the debtor applied for a loan modification. Debtor's Plan should be amended to cure pre-petition arrears in the proper amount upon filing of the secured proof of claim.

10. Accordingly, Debtor's Plan is not feasible, as it does not fully compensate the Movant.

11. In addition, the Debtor's Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Movant, Cilici, LLC, prays that the Court deny confirmation of the Debtor's Plan.

Respectfully submitted,

Date: January 21, 2022        By: **/s/ Brian C. Nicholas, Esquire**
Brian C. Nicholas, Esquire
BNicholas@kmllawgroup.com
Attorney I.D. No. 317240
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Phone: 412-430-3594
Attorney for Movant/Applicant